Peter VAN DAAM,

v.

Edward D. DiPRETE et al.

No. 89–261–M.P.

Supreme Court of Rhode Island.

July 18, 1989.

Peter Van Daam, pro se.

James E. O'Neil, Atty. Gen., Rebecca Tedford Partington, Asst. Atty. Gen., Anthony J. Bucci, Jr., Bucci Law Offices, North Providence, for defendants.

## OPINION

PER CURIAM.

This case comes before the court on a petition in equity in the nature of quo warranto filed by Peter Van Daam against Edward D. DiPrete as Governor of the State of Rhode Island and Bruce G. Sundlun, who was the candidate of the Democratic Party for said office.

Mr. Van Daam challenged the qualification of Mr. Sundlun as a candidate who

sought the Democratic nomination for governor. This challenge was considered by the State Board of Elections pursuant to authority granted that tribunal under G.L. 1956 (1988 Reenactment) § 17-7-5. The Board of Elections rejected the challenge and found Mr. Sundlun to be a qualified candidate on July 27, 1988.

The foregoing decision under Rhode Island law is final and subject to review only by a petition for certiorari filed in this court. There is no statutory appeal provided from a decision of the Board of Elections. The review by this court is discretionary and may be granted only after a showing of substantial issues of law. After the decision of the Board of Elections, Mr. Van Daam did not petition for certiorari in this court. Instead he filed a petition for mandamus in the Superior Court. This petition was denied by the Superior Court on the ground of lack of subject-matter jurisdiction. Nevertheless, Mr. Van Daam appealed the judgment of the Superior Court denying his complaint for mandamus. This court sustained the judgment of the Superior Court on September 13, 1988.

Mr. Van Daam did not file a petition for certiorari to review the decision of the Board of Elections until December 14, 1988. By that date the primary election had taken place, the general election had been completed, and the Board of Elections had certified that Edward D. DiPrete had been elected Governor. Nevertheless, this court carefully examined the memoranda filed in support of and in opposition to the issuance of the writ of certiorari. It found no issues that would justify discretionary review of the decision of the Board of Elections.

This court denied the petition for certiorari on January 26, 1989. It is also obvious that Mr. Van Daam's petition for discretionary review of the Board of Elections' determination was not timely by reason of his decision to pursue other inappropriate remedies.

The public policy of this state requires that challenges to qualification of candidates for public office be resolved as quickly as possible in order that an election may take place upon the dates previously ordained by the General Assembly. The state has a compelling interest in the validity and finality of the election of candidates to all public offices, but particularly to the office of chief executive. Only prompt challenges presented in accordance with statutory and case law may be considered.

Mr. Van Daam's attempt to challenge the right of Edward D. DiPrete as Governor of the State of Rhode Island to serve in that capacity at this time is an attempt to exercise a public rather than a private right. *Black v. Cummings*, 62 R.I. 361, 5 A.2d 858 (1939). This attempt is now barred by virtue of collateral estoppel established by the final decision of the State Board of Elections. His attempt to obtain review of the State Board of Elections' determination of the Democratic candidate's eligibility after the election was over was barred by laches. He has no standing to assert a public right at this time.

For the reasons given, Mr. Van Daam's petition in equity in the nature of quo warranto is hereby denied and dismissed. Further harassing litigation by this individual against the Governor of the State of Rhode Island and the former Democratic candidate, Bruce G. Sundlun, will be regarded by this court as frivolous so that parties who are forced to defend against such litigation may seek sanctions including counsel fees.